UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ART ASK AGENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-CV-06197 |
| | ) | Hon. Marvin E. Aspen |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Art Ask Agency names 216 defendants in this single case. (Complaint ("Compl.") (Dkt. No. 1) at 1; Schedule A (Dkt. No. 7).) We have taken Art Ask Agency's *ex parte* motion for entry of a temporary restraining order ("TRO"), including a temporary injunction, a temporary transfer of Defendants' domain names, a temporary asset restraint, expedited discovery, and service of process by email and/or electronic publication (Dkt. No. 8) under advisement (Dkt. No. 24). For the reasons set forth below, Art Ask Agency is ordered to show cause, in writing, as to why the case should not be severed for misjoinder by December 14, 2021. Alternatively, Art Ask Agency may file an amended complaint by then if it can cure the joinder issues raised herein.

**BACKGROUND**

According to the Complaint, Art Ask Agency is the exclusive licensee of the trademark and copyright registrations for the fantasy art of British artist Anne Stokes, whose "striking

designs and life-like portrayals of fantasy subjects" are widely acclaimed and "have been used and licensed for use on many products worldwide." (Compl. ¶ 7.) Art Ask Agency is the official source of Anne Stokes products in the United States. (*Id.*)

Art Ask Agency further alleges that Defendants are individuals and business entities who, upon information and belief, reside in China or other foreign jurisdictions. (*Id.* ¶ 12.) Defendants operate interactive commercial websites and internet stores to sell products bearing counterfeit versions of Art Ask Agency's trademark and copyrighted artwork to customers in the United States, including Illinois. (*Id.* ¶¶ 2, 12.) Art Ask Agency claims that Defendants "have knowingly and willfully used" its intellectual property without Art Ask Agency's authorization or consent. (*Id.* ¶¶ 21, 31, 34.) Art Ask Agency also alleges that Defendants' stores "share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale," which "establish[] a logical relationship between them and suggest[] that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." (*Id.* ¶ 4.)

## ANALYSIS

Before resolving Art Ask Agency's pending motion, we *sua sponte*[1] address the issue of joinder. Under Federal Rule of Civil Procedure 20(a)(2), Art Ask Agency must show that joinder is appropriate. *See Ilustrata Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-05993, 2021 WL 5396690, at *1 (N.D. Ill. Nov. 18,

---

[1] "[I]t is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases." *Estée Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) (Chang, J.) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned joinder on its own in a 24-defendant case)).

2021); *NFL Properties LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021); *H-D U.S.A., LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-01041, 2021 WL 780486, at *1 (N.D. Ill. Mar. 1, 2021); *see also Estée Lauder*, 334 F.R.D. at 185. "'In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011)). That said, courts need not accept conclusory or speculative statements that are not statements of fact. *Ilustrata*, 2021 WL 5396690, at *1; *NFL Properties*, 2021 WL 4963600, at *1; *H-D U.S.A.*, 2021 WL 780486, at *1; *see also Estée Lauder*, 334 F.R.D. at 185.

Federal Rule of Civil Procedure 20(a)(2) provides that defendants may only be joined in the same action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). To decide "whether the rights asserted arise out of the same transaction or occurrence, courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007)).

Courts typically find that claims against different defendants arise out of the same transaction or occurrence when there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context

of Rule 13); *Estée Lauder*, 334 F.R.D. at 185. "Claims have a logical relationship when there is a 'substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *In re EMC Corp.*, 677 F.3d at 1358).

Whenever a court finds that joinder is not consistent with the Federal Rules of Civil Procedure, it may sever parties on its own or direct the plaintiff to remedy the issue. *Ilustrata*, 2021 WL 5396690, at *2; *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 186. District courts have broad discretion to remedy misjoinder, but they must avoid unnecessary harm to the parties. *Estée Lauder*, 334 F.R.D. at 186.

Courts in the Northern District of Illinois have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark. *See, e.g.*, *Estée Lauder*, 334 F.R.D. at 187; *Slep-Tone Ent. Corp. v. Roberto*, No. 12-cv-5750, 2013 WL 5748896, at *2–3 (N.D. Ill. Oct. 22, 2013); *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004). This is the case because one defendant's alleged infringement does not necessarily arise "out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement. *See* Fed. R. Civ. P. 20(a)(2)(A). Where defendants are not affiliated with one another, there is no evidentiary overlap in proving that both defendants are liable for the alleged infringement. *Ilustrata*, 2021 WL 5396690, at *2; *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 187. From a defendant's perspective, one defendant's defenses do not depend on that of an unrelated

4

codefendant. *Ilustrata*, 2021 WL 5396690, at *2; *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 187.

Art Ask Agency's allegations are insufficient to show that joining all 216 defendants in this single lawsuit is proper. Art Ask Agency alleges that "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." (Compl. ¶ 4.) "But similarities between websites do not suggest a logical relationship between every Defendant." *Ilustrata*, 2021 WL 5396690, at *2; *see also Bose Corp. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19 C 7467, 2019 WL 6210939, at *2 (N.D. Ill. Nov. 21, 2019). Nor are Defendants or their alleged infringement "interrelated" simply because Defendants sell similar products. (Compl. ¶ 18); *see Ilustrata*, 2021 WL 5396690, at *2; *H-D U.S.A.*, 2021 WL 780486, at *3; *Bose*, 2019 WL 6210939, at *2; *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."). Art Ask Agency also surmises that Defendants are "interrelated" because they "include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, similar payment and check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images." (Compl. ¶ 18.) But, as we have explained in prior Schedule "A" cases, similar conclusory statements do not support joinder. *See Ilustrata*, 2021 WL 5396690, at *2; *NFL Properties*, 2021 WL 4963600, at *2; *H-D U.S.A.*, 2021 WL 780486,

5

at *2–3; *see also Bose*, 2019 WL 6210939, at *2 (finding that similar "notable common features" allegation did not support joinder). Finally, the fact that Defendants allegedly "use a variety of other common tactics to evade enforcement efforts," such as "register[ing] new domain names or online marketplace accounts under new aliases and move website hosting to rogue servers located outside the United States once notice of a lawsuit is received" (Compl ¶ 19), also does nothing to support joinder because these allegations are highly generic and could apply equally to individuals and entities engaging in activities that are wholly unrelated to this suit.

Given the facts before us, we cannot conclude that joinder of all 216 defendants would promote judicial economy either. To the contrary, joinder in this case may yield significant financial benefits to Art Ask Agency at the judiciary's expense. As discussed more fully in *H-D U.S.A.*, cases naming many unrelated defendants burden the courts. *See H-D U.S.A.*, 2021 WL 780486, at *3 (citing *Estée Lauder*, 334 F.R.D. at 189–90 and *Purzel Video GMBH v. Does 1-91*, Case No. 4:12-cv-02292, 2013 WL 4775919, at *2 (E.D. Mo. Sept. 6, 2013).) And by bringing a single action against 216 defendants rather than filing as many as 216 separate suits, Art Ask Agency may save more than $86,000 in filing fees. *See* Northern District of Illinois's Fee Schedule ("Civil Filing Fee $ 402.00"); *see also Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *3 (N.D. Ill. Feb. 6, 2021) ("[B]y suing 254 defendants in a single suit rather than 254 separate ones, the plaintiff will save, in one fell swoop, over $100,000 in filing fees.").

## CONCLUSION

For the reasons set forth above, we order Art Ask Agency to show cause, in writing, as to why the case should not be severed for misjoinder by December 14, 2021. Alternatively, Art

Ask Agency may file an amended complaint by then if it can cure the joinder issues raised herein. It is so ordered.

                                                            Marvin E. Aspen
                                                            United States District Judge

Dated: November 23, 2021